*663
 
 |,ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Marvin E. Robinson, Jr., an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
 
 [1]
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 In 2008 and 2009, the ODC filed two separate sets of formal charges against respondent. Respondent failed to answer either set of formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committees written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration in either matter.
 

 Thereafter, the two sets of formal charges were consolidated by order of the disciplinary board. The board subsequently filed in this court a single recommendation of discipline encompassing both sets of formal charges.
 

 \908-DB-0Jp6
 

 Count I
 
 — The
 
 Butler Matter
 

 In July 2004, Inez Butler hired respondent to represent her in a personal injury matter, based on a slip and fall incident that occurred on July 16, 2004 in New Orleans. During the representation, respondent did not maintain appropriate communication with Ms. Butler, did not consult with her to explain the progress of her case, was rude and offensive to her on the telephone, and repeatedly failed to return her phone calls. In October 2006, without Ms. Butler’s knowledge, permission or consent, respondent filed a motion to dismiss her lawsuit with prejudice.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1 (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), and 1.4 (failure to communicate with a client).
 

 Count II
 
 — The
 
 Garrett Matter
 

 In November 2004, Marie Garrett executed a will, which was prepared and notarized either by respondent or his law partner. After Ms. Garrett’s death on March 11, 2006, one of her children, Kenneth
 
 *664
 
 Garrett, contacted respondent about obtaining the original will. Mr. Garrett sent respondent $250 for the original will. Respondent provided him with a partial photocopy of the will. Thereafter, Mr. Garrett filed a disciplinary complaint against respondent. The complaint was received by respondent on October 16, 2006. Between October 16, 2006 and October 23, 2006, respondent left three messages on Mr. Garrett’s voice mail system that were threatening in tone and content, including a message that “there will be criminal charges against you” and “don’t mess with me.”
 

 |sThe ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(d) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (threatening to present criminal or disciplinary charges solely to obtain an advantage in a civil matter).
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission in 08-DB-046, the hearing committee determined the factual allegations of the formal charges were proven by clear and convincing evidence. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 The committee determined respondent violated the most basic duty to Ms. Butler: the duty to handle her lawsuit diligently and communicate with her. By filing a motion to dismiss her suit, respondent took a step in the litigation that was neither authorized by nor communicated to Ms. Butler. By issuing threats to Mr. Garrett, in response to his legitimate exercise of his right to file a disciplinary complaint, and by threatening Mr. Garrett with criminal prosecution, respondent has demeaned the profession and engaged in conduct prejudicial to the fair administration of justice. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined the applicable baseline sanction in this matter is suspension.
 

 In aggravation, the committee found the following factors present: prior disciplinary offenses,
 
 [2]
 
 a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the 14rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and substantial experience in the practice of law (admitted 1992). The committee did not mention any mitigating factors.
 

 After considering this court’s prior jurisprudence involving similar misconduct, the committee recommended respondent be suspended from the practice of law for one year and six months.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 09-DB-0I8
 

 This matter involves the same client subject of Count I of 08-DB-046. On August 31, 2006, respondent settled Ms. Butler’s personal injury suit for the sum of $6,000, without Ms. Butler’s knowledge or permission. In September 2006, respondent executed and notarized a settlement release containing Ms. Butler’s forged signature. Respondent did not render any
 
 *665
 
 accounting for the settlement proceeds and did not disburse any portion of the settlement proceeds to Ms. Butler.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.2 (scope of the representation), 1.4, 1.5(c) (contingency fee agreements) 1.15(a) (safekeeping property of clients or third persons), 1.15(d) (failure to timely remit funds to a client or third person), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
 

 |
 
 ¿Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission in 09-DB-048, the hearing committee determined the factual allegations of the formal charges were proven by clear and convincing evidence. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 The committee determined respondent violated duties owed to his clients, the public, and to the profession. The committee found respondent’s conduct was intentional. His dishonesty to his client, to opposing counsel, and to the court is the type of conduct that erodes the trust and confidence of the public in both the legal profession and the legal system in general.
 

 Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined the applicable baseline sanction in this matter is disbarment. The committee did not mention aggravating factors but determined there are no mitigating factors present. After considering this court’s prior jurisprudence, the committee recommended respondent be disbarred. The committee also recommended respondent be ordered to pay restitution in the amount of $6,000 either to Ms. Butler or to the Louisiana State Bar Association’s Client Assistance Fund as appropriate.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 08-DB-OÍ6 & 09-DB-0J/.8
 

 After reviewing these consolidated matters, the disciplinary board found the hearing committees’ factual findings are supported by the factual allegations asserted Ifiin the formal charges, which are deemed admitted, and/or by the documentary evidence submitted in support of the allegations. Additionally, the board found respondent not only threatened Mr. Garrett with criminal prosecution, but also threatened to file a defamation suit against him. Based upon these findings, the board determined both committees correctly concluded respondent violated the Rules of Professional Conduct as charged.
 

 The board determined respondent violated duties to his client, the public, the legal system, and the profession. By the very nature of his actions, respondent’s conduct was both knowing and intentional, and caused significant harm. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined the applicable baseline sanction is disbarment.
 

 In aggravation, the board recognized the following factors: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and substantial experience in the practice of law. The board
 
 *666
 
 agreed there are no mitigating factors present.
 

 In determining an appropriate sanction, the board considered this court’s prior jurisprudence involving similar misconduct and found that the sanction recommended by the second hearing committee is appropriate. Accordingly, the board recommended respondent be disbarred and be ordered to pay restitution in the amount of $6,000 either to Ms. Butler or the Client Assistance Fund as appropriate.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 ^DISCUSSION
 

 Bar disciplinary matters fall -within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57.
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 Based on the deemed admitted allegations of the formal charges as well as other evidence in the record, it is undisputed that respondent failed to communicate with a client, failed to represent the client with diligence and promptness, improperly dismissed the client’s lawsuit after settling it without her permission and kept the settlement money for himself, and threatened a complainant with criminal prosecution and a defamation suit to prevent him from pressing forward with a disciplinary complaint. This misconduct supports a finding that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 | sIn determining a sanction for respondent’s misconduct, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 The record supports a finding that respondent acted knowingly and, in some instances, intentionally. He violated duties owed to his client, Ms. Butler, when he misappropriated the settlement funds from her personal injury suit to promote his financial gain, causing her actual serious harm. Respondent violated duties owed to the legal system and to the legal profession by committing forgery to obtain Ms. Butler’s settlement funds and by threatening Mr. Garrett with a civil defamation suit and criminal prosecution for filing a disciplinary complaint against him. Considering the ABA’s
 
 Standards for
 
 /to-
 
 *667
 

 posing Lawyer Sanctions,
 
 we find the applicable baseline sanction is disbarment.
 

 In aggravation, we agree the following factors are supported by the record: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and substantial experience in the practice of law. We find there are no mitigating factors present.
 

 Under the circumstances of this ease, and in light of the numerous aggravating factors and lack of mitigating factors present, we will adopt the disciplinary board’s | Recommendation and impose disbarment. We will also order respondent to make restitution to Ms. Butler or repay the Client Assistance Fund, as appropriate.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committees and the disciplinary board, and considering the record, it is ordered that the name of Marvin E. Robinson, Jr., Louisiana Bar Roll number 21842, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. It is further ordered that respondent pay restitution, plus legal interest, to Inez Butler or repay the Louisiana State Bar Association’s Client Assistance Fund any amounts paid to her on his behalf. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, -with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . On September 29, 2007, respondent was declared ineligible to practice law for failure to comply with the mandatory continuing legal education requirements. He is also ineligible for failure to pay his bar dues and the disciplinary assessment and for failure to file a trust account disclosure form.
 

 [2]
 

 . In March 1997, respondent was admonished by the disciplinary board for failing to act with diligence in a litigation matter and failing to return portions of an unearned fee. In November 2004, respondent was admonished for neglecting a client's legal matter and failing to communicate with the client. Respondent was also the subject of a complaint that was referred to diversion.